SCHWOERER v. ZIMMERMANN. '

(Supreme Court, Appellate Term.   March 5, 1900.)

CONTRACTS—PLANS AND SPECIFICATIONS—CONSTRUCTION.
  Plans and specifications of a building, prepared by an architect, showed
  a certain quantity of galvanized iron and copper work to be done, and
  prescribed the manner in which it should be performed.  A contractor, in
  response to an application for a bid, wrote that he would do certain speci-
  fied work in accordance with the plans and specifications, for a certain
  sum.  The builder accepted the bid "to do the galvanized iron and copper
  work" in accordance with the plans and specifications.  Held not to con-
  stitute a contract on the part of the contractor to do work specified in
  the plans and specifications, but not specified in his bid.

Appeal from municipal court, borough of Manhattan, Seventh dis-
trict.

Action by Anthony Schwoerer against Jacob A. Zimmermann.
From a judgment in favor of plaintiff, defendant appeals.  Affirmed.

The following is the opinion of the trial justice (H. Joseph):

"The controversy in this case lies in a very narrow compass, it being
whether the contract between plaintiff and defendant required plaintiff to do
the outside trim to 20 windows, where shown on plans for a building being
erected on west side of the Boulevard and 104th street, in this' city.  As stated
by defendant's counsel in his brief, all other questions have been eliminated
from the case.  The defendant is a general contractor, and had contracted
to erect the premises in question.  The building was to be erected accord-
ing to plans and specifications prepared by and under the superintendence
of A. O. Hoddick, an architect.  The plans and specifications provided for
certain galvanized ironwork to be done, and plaintiff, being a contractor for
this class of work, was applied to by defendant for a bill on the same.  The
specifications provided for various details of the work, including slate, sky-
lights, leaders, and galvanized ironwork, under separate headings.  The item
'Galvanized Ironwork' read as follows:  'Make and put up all cornices,
balustrades, bay and dormer windows, etc., as shown; also outside trim to
20 windows, where shown on plans,—all to be of No. 26 galvanized iron,
well made, according to detail drawings and directions, and thoroughly an-
chored, and built into the walls or fastened to ironwork as the law directs.
Form cornice and finished roof to store show windows, also finished roofs
to bay windows and gutter to main cornice, as per drawings, of 12 ounce
copper, and have four ventilators to show windows where and as directed.'
In response to the application for a bid, plaintiff wrote defendant the fol-
lowing letter:

  " 'I propose to do the following work in the flat house on the Boulevard,
west side, and 104th St., in accordance with the plans and specifications:
All the cornices, balustrade, bay windows, copper store cornice, slate roof-
ing on mansard, and one skylight,—all for the sum of $490.  Thanking you
for the order, I remain,
        " 'Yours, very truly,                          A. Schwoerer.
  " 'No roofing under this contract.'

—To which defendant replied as follows:
                                                  " 'November 30, 1898.
  " 'I beg to advise you I herewith accept your estimate, November 29, 1898,
to do the galvanized iron and copper work for building west side of Boule-
vard, north of 104th St., in accordance with the plans and specifications and
details as drawn by Mr. A. O. Hoddick for the above-mentioned building;
also to the entire satisfaction of Mr. Hoddick.  The sum to be paid is $490.
The roof of the main building is not included in this contract.
        " 'Yours, truly,                          J. A. Zimmermann.'

"Plaintiff, having performed his contract as he claims, brings this action to recover $290, being the balance of the contract price remaining unpaid. Defendant insists that plaintiff under his contract was bound to make and put up the outside trim to 20 windows where shown on plans, and that, not having done so (a fact which is conceded), the defendant should be allowed the reasonable cost of doing the work, which is admitted to be $85. The only question, therefore, is whether plaintiff, under his contract, was bound to make and put up the outside trim to 20 windows. The specifications are not the contract. They may be resorted to to elucidate the contract where it is obscure, but they are no part of the contract, except so far as they are incorporated in it. What, therefore, -was plaintiff's contract? What was it he proposed and offered to do? His letter is very plain. It is as follows: 'I propose to do the following work, * * * in accordance with the plans and specifications: All the cornices, balustrade, bay windows, copper store cornice, slate roofing on mansard, and one skylight.' He did not propose to do all the galvanized ironwork. He proposed to do the work specified, and to do it in accordance with the plans and specifications. Certainly the outside trim for 20 windows was not included within the work specified. Defendant's counsel makes no such claim, but he seeks to enlarge the scope of plaintiff's proposition by the terms of defendant's letter of acceptance. This I do not think he can do. He says in his letter: 'I beg to advise you that I herewith accept your estimate, November 29, 1898, to do the galvanized iron and copper work * * * in accordance with the plans and specifications and details as drawn,' etc. This letter was an acceptance of plaintiff's estimate. His estimate was placed upon certain specified work, and it was an acceptance of that estimate for that work. True, the letter of acceptance says 'to do the galvanized iron and copper work in accordance with the plans and specifications and details as drawn'; but this only related to the galvanized iron and copper work, in accordance with the plans and specifications and details as drawn, which plaintiff had specified he was willing to do for the price named. Plaintiff's offer did not relate to galvanized iron and copper work solely. It included slate roofing, as to which nothing was said in defendant's letter of acceptance. And yet I am very certain that defendant would not claim that plaintiff could exclude the slate roofing from his contract, because it was not included in defendant's letter of acceptance. How, then, can defendant claim plaintiff's contract can be enlarged so as to include work not specified by the use of general words in his letter of acceptance, if it cannot be cut down to exclude work not enumerated therein? If any uncertainty arises as to on what the minds of the contracting parties met, that uncertainty arises from defendant's letter of acceptance, and not from plaintiff's proposition. Defendant's letter 'was intended to be an acceptance of a proposition, and not a counter offer. This being so, if he has couched his acceptance in terms of uncertainty he must be the sufferer. Plaintiff was justified in accepting it as an acceptance of his proposition and acting upon it. He has done the work specified by him in his letter of proposal, and he cannot be asked to do more. To hold otherwise would be to make a contract for him which he never made for himself. Judgment should be for the plaintiff for the amount sued for.

Argued before TRUAX, P. J., and SCOTT and DUGRO, JJ.

Erdman, Levy & Mayer, for appellant.
Albert L. Phillips, for respondent.

PER CURIAM. Judgment affirmed, with costs, upon the opinion of the learned trial justice.